## In re BERRY.

Court of Appeals of District of Columbia.

Submitted May 15, 1928. Decided
June 4, 1928.

No. 2066.

Patents ☞72(3)—Claims relating to steam joint in rotary drier held anticipated, in view of identity of materials.

Claims of patent relating to a steam joint in a rotary drier *held* properly denied patentability as fully and completely anticipated by prior art, in view of identity of materials.

Appeal from Commissioner of Patents.

Application by Earl E. Berry for a patent. From a decision denying patentability to certain claims, the applicant appeals. Affirmed.

A. M. Belfield, of Chicago, Ill., S. E. Darby, of New York City, and C. T. Milans and J. H. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents denying patentability to claims 1 to 5 and 13 to 15, inclusive. Claims 1 and 5 illustrate the alleged invention of applicant as follows:

"1. The combination with a rotary steam drier and an inlet therefor, of a joint between the same comprising a joint device composed in whole or in part of carbon or graphite."

"5. The combination with a rotary steam drier and an inlet therefor of a joint device for said members made in whole or in part of graphite, and spring means tending to exert pressure to produce and maintain a tight joint; said spring means being at the end of the inlet."

The references relied upon are: Smith, 1,420,454, June 20, 1922; Emmett, 811,833, February 6, 1906; Getts, 784,785, March 14, 1905; Copeland, 1,329,348, January, 1920; Dodge, 730,349, June 9, 1903; McLean, 1,-082,890, December 30, 1913.

The device in issue relates to a steam joint in a rotary drier. The drying cylinder rotates against the fixed part of the inlet, and steam is supplied by a pipe while the exhaust steam and condensate escapes by an outlet pipe. A washer is placed between the rotating and fixed parts. This washer is described as composed of "carbon or graphite, or some composition of one or the other, or some material impregnated with one or the other." It is also stated that the ring possesses lubricating qualities.

The patent to Smith discloses the same construction of rotary cylinder and fixed inlet with a packing ring between the moving parts. The packing ring, however, in Smith, is such as to require outside lubrication. Smith's patent discloses means for supplying oil to the bearings. Thus it appears that the only difference between Smith and applicant is the material employed for the packing ring.

We are of opinion that the alleged invention of applicant is fully and completely anticipated by the prior art. The patents to Emmett, Dodge, and Copeland, show a packing ring of the same material used by applicant; and in the Emmett specification it is stated that "it is found that packing rings of carbon, usually containing a certain amount of graphite to act as a lubricant, are durable and efficient if the pressure between the surfaces is not too great."

The decision of the Commissioner is affirmed.